## Hyndman Water Company *v.* The Borough of Hyndman, Appellant.

*Contract—Severable contract to furnish water.*

A contract to furnish an ample supply of water to a municipality for ten years for twenty-five fire hydrants at the annual rental of $600, payable $300 semiannually, is a severable one and the borough is liable for the actual service rendered in good faith under such contract.

*Evidence—Insufficiency of water supply—Use by other customers.*

Suit being brought against a borough on a contract to pay rental for fire hydrants pending an ample supply of water furnished by the water company, and the defense resting on the fact that a sufficient supply had not been furnished, evidence was properly rejected which tended to show that by reason of the consumption of water by a railroad, a tannery and a factory, the supply of water was diminished and the borough protection impaired, it appearing that it was the right and duty of the water company to supply water to residents of the borough contracting therefor.

*Practice, C. P.—Discretion of court as to orderly production of evidence.*

A trial court is vested with discretion as to the order of proof and the conduct of the case and this discretion will not be interfered with where offers are rejected to prove matters in surrebuttal which, if admissible at all, were not admissible at that time.

Argued Mar. 25, 1898. Appeal, No. 62, Mar. T., 1898, by defendant, from judgment of C. P. Bedford Co., Feb. T., 1897, No. 199, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit to recover the rent of certain fire hydrants. Before BAILEY, P. J., of the 20th judicial district, specially presiding.

It appears from the record and the evidence that the plaintiff

company sued to recover water rent alleged to be due from defendant borough for twenty-five fire hydrants from July 1, 1894, to October 1, 1896, at an annual rental of $600 a year, payable $300 semiannually.

Other facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $964.20.    Defendant appealed.

*Errors assigned* were (1) in refusing to admit the testimony of a witness for defendant, the offer being to prove that the company sold water to the B. & O. Railroad Co. and to other plants in the community and that by reason of that, plaintiff did not have enough water to supply the borough of Hyndman. This for the purpose of showing that they did not comply with the contract; that they had the water but sold it to outside parties.    Objected to for the reason that the water company had the perfect right under its charter to sell to all customers located in the borough of Hyndman; that the question is whether they furnished an ample supply to the borough of Hyndman, and if they did so, they complied with the contract.    (2) In refusing like offers to prove the same matter by witness for the plaintiff under cross-examination.    (3) In refusing like offer to prove same matter by a witness for the defendant in surrebuttal. (4) In refusing to admit the testimony of a witness for the plaintiff on cross-examination under offer and objection, to show that the borough council had served a notice on plaintiff company that they would not use the water in 1896 any more and fastened up the hose house.    (5) In refusing to admit testimony by one of plaintiff's witnesses on cross-examination, tending to show that the plaintiff was notified in writing by resolution of town council, setting forth that owing to its failure theretofore to fulfill the contract in regard to furnishing water to said borough, they would no longer use the water.    This to be followed with evidence that from that time on the defendant did not use any of the water of the plaintiff.    (6) In refusing an offer to prove by plaintiff's witness on cross-examination " that in a conversation he stated that it is more important for the water company to furnish water for the industries of the town than to the borough and did not care whether they furnished it to the borough or not.    This in the year 1895." (7) In refusing to

admit under objection evidence of witness for defendant to the effect that it would have been an easy matter to have built a larger reservoir which would have supplied the borough of Hyndman at all times. Objected to on the ground that the witness was not an hydraulic engineer and if his testimony was evidence at all it was evidence in chief and not at this stage of the case. (8) In stating to the jury in the general charge, as follows: "We instruct you that the water company was bound by the terms of this contract to furnish an ample supply, that is an abundant supply, for the purpose for which it was intended, of water, for twenty-five fire hydrants that would have such pressure as would be obtained through a pipe, the supply head of which was located not less than two hundred feet above the main street of the borough. Such amount of pressure was evidently contemplated by the parties at the time of the execution of the agreement. If the company did not default in this regard for any portion of the period between July, 1894, and October 1, 1895, it is entitled to be paid the sum it claims in this action. For such times, if any, as it furnished no water to the borough through the fire hydrants, with a proper pressure, it is not entitled to recover any compensation, under this contract. If you find that there were times during which the failure was not total, the borough should pay for the water actually furnished it, if furnished in such quantity and with such pressure as rendered it useful for the purposes of fire hydrants. It is not to be wholly exonerated from payments only because the water company failed to furnish the ample supply contemplated by the contract, if it used the water actually supplied. If the company supplied some water to the fire hydrants, but in not sufficient quantities or with inefficient pressure for use by the borough for the purposes for which fire hydrants were rented, then the borough should not pay anything for the time such wholly inadequate service was given it." (9) In stating to the jury in the general charge as follows: "To ascertain your verdict you will start with the contract price for the rent of the hydrants which, for the period between July 1, 1894, and October 1, 1896, amounts to $1,350, which you will notice is at the rate of $50.00 per month. In case you find from the evidence and our instruction that there was a total failure to furnish water in quantity sufficient for use as con-

templated by the contract, for any time or times during that period, you will allow the borough a credit for such total failure, if any, at the rate of $50.00 per month, for the time or times it continued, and for such time or times during that period you will find there was not a total failure, but only a partial failure, you will allow the borough credit for such amount as you may find it is entitled to under the evidence, bearing in mind that the amount of such credit must be measured by the contract price. The balance of the $1,350 which remains after allowing such credits, in case you allow any, with interest from January 13, 1897, the day suit was brought, will be your verdict." (10) In refusing defendant's first point, which point is as follows: "1. That the proper construction of the contract under which the plaintiff seeks to recover is, that it was bound to render the defendant an ample supply of water for the effective protection against fire. That a protection against fire should be continuous and such as could be used at all times; that the plaintiffs agreed to furnish such by their contract, and if the jury believe that they have failed for any considerable length of time within the period covered by the suit, to furnish such a supply of water as would be an effective protection against fire, they cannot recover in this action." (11) In refusing defendant's second point, which point is as follows: "2. That if the jury believe that the water company refused to permit the borough officers, or the organized fire company, to use the hydrants for the purpose of testing the supply of water, or for such lawful means as they desired, and refused to give over to the same the wrenches used for opening the fire hydrants and told them that they were trespassers, and threatened them with arrest or prosecution if they interfered with the said hydrants, that this action of the water company was unlawful and illegal, and in violation of the contract made with the said defendant, and the defendant cannot be held liable for rent for water for any time a supply of water might have been on hand after such action by the said water company." (12) In refusing defendant's third point, which point is as follows: "3. That if the jury believe from all the evidence that the plaintiff failed for as many as ten months or more of the twenty-seven months, for which time it seeks to recover rent in this action, to supply water in accordance with its contract, that such conduct on its

part was not a substantial compliance with the terms of the contract, and they are not entitled to recover any of the rent sued for in this action."

*Alexander King,* for appellant.—The contract was an entire one, and no recovery can be had for part performance : Martin v. Schoenberger, 8 W. & S. 367; Gill v. Lumber Co., 151 Pa. 534; Martin v. Fridenburg, 169 Pa. 449.

The defendant was not buying water but paying for an effective protection from fire. This protection to be effective should be constant and continuous, and not being so the plaintiff cannot recover: Light, Heat & Water Co. v. Jackson City, 19 S. Rep. 771; Trust Co. v. Galesburg, 133 U. S. 156.

*B. F. Madore* and *John S. Weller,* for appellee.—The contract in this case was unquestionably severable: Oil Co. v. Brewer, 66 Pa. 351; Rugg & Bryan v. Moore, 110 Pa. 236.

Such a contract is not an entire one and the borough is liable for the water actually used, although it falls short of the contract quantity: Water Works Co. v. DuBois, 176 Pa. 439; McLaughlin v. Hess, 164 Pa. 570.

Opinion by Smith, J., April 18, 1898 :

The plaintiff was incorporated for the purpose of supplying water to the public, including such residents, etc., of the borough of Hyndman, and adjacent thereto as may desire the same. It entered into a contract with the borough, whereby it was bound to complete an effective system of water works and furnish the borough an ample supply of water " for the better protection of property therein against fire ; " and for this purpose the borough therein agreed to rent from the plaintiff twenty-five (25) fire hydrants at an annual rental of $600, payable $300 semiannually ; the hydrants to be placed at such points in the borough as the authorities thereof might designate. The plaintiff erected hydrants according to the terms of the contract, and began to furnish water in July, 1892, and payment therefor was made until July 1, 1894, but not thereafter. Suit was brought for the rental from that date until October 1, 1896. On the trial, the defendant showed that, for a part of the period for which a recovery was sought, the plain-

tiff failed to supply water according to the agreement, and the court instructed the jury that if " there was a total failure to furnish water in quantity sufficient for use as contemplated by the contract, for any time or times during that period, you will allow the borough a credit for such total failure, if any, at the rate of $50.00 per month, for the time this continued, and for such time as there was not a total failure, but only a partial failure, to allow the borough a further credit for such amount as it may be entitled to under the evidence, bearing in mind that the amount of such credit must be measured by the contract price." The court further held that the contract was severable, and therefore that the plaintiff was entitled to recover for such period as it had in good faith supplied water according to the requirements of the contract.    Considerable testimony was introduced, pro and con, in relation to the rendition by the plaintiff of the service stipulated for; the sufficiency or insufficiency of water at certain times; the capacity of the water works; the excessive drought during the summer seasons; the adequacy of the pumping apparatus provided by the company to divert the water when necessary to meet the demands of the borough; and the furnishing of water to other consumers.    It appears from the verdict that the jury disallowed compensation for four months of the period for which the plaintiff claimed.

It would serve no good purpose to follow the course of the trial and comment on the controverted phases of the proceedings. All matters about which counsel for the defendant entertained any doubt would appear to have been discussed in the argument here, both oral and printed.    But we think the case was tried with fairness to both parties, and that the rulings and the charge are substantially accurate under the law and the evidence. Repeated efforts were made to introduce evidence showing that by reason of the consumption of water by a railroad company, a factory, and a tannery, the supply was diminished and the borough protection thus impaired.    This testimony was rejected by the court, and its exclusion is made a principal cause of complaint here by the first three specifications.    The plaintiff's charter expressly requires it to furnish water to the public within the borough limits and adjacent thereto; it was therefore in duty bound to extend the water service to all who might require it, having due regard for the needs of its custom-

ers, the rights of the inhabitants, and the sources of supply. It was not alleged that the agreements with other consumers were not made in good faith, or that there was any restriction on the extension of the water service, in favor of the borough. The company therefore was bound to regard its obligation to those consumers, as well as to the borough, in equal degree. In the absence of any allegation of fraud on the defendant, the offers to show a consumption of water by other consumers was no defense to this action, and it was not error to reject them. The court instructed the jury that recovery could only be had for such time as the company furnished water, with a proper pressure, and that " if the company supplied some water to the fire hydrants, but in not sufficient quantities or with insufficient pressure for use by the borough for the purposes for which fire hydrants were rented, then the borough should not pay anything for the time such wholly inadequate service was given it." From this and other parts of the charge it distinctly appears that the plaintiff was not permitted to recover for any time during which it failed to furnish water in accordance with the contract. The contract was for ten years, without option of rescission, and covered the period for which this suit was brought. The defendant was bound by its terms and without adequate cause could not rescind it or defeat its operation. Nor could liability be evaded by electing to rescind. A notice to rescind unaccepted by the plaintiff would be ineffective, and the defendant could be held liable for the stipulated rental, if the plaintiff was in no default. The plaintiff asserted full compliance with the contract, which the defendant denied. The denial rested therefore on the failure of the plaintiff to perform its contractual duty, rather than nonliability by reason of attempted rescission.

The defendant offered to show, by a witness called in surrebuttal, the substance of a notice in writing, and that for reasons therein stated the borough would no longer use the water. The original notice or a duplicate or a copy thereof was not produced, and no reason was given for offering parol proof of its contents. The offer was objected to and the objection sustained. There was no error in this, even had the offer been made in chief, rather than in surrebuttal. Offers to prove matters in surrebuttal which should have been shown in chief,

if admissible at all, were rejected because not admissible at that time.   The trial court is vested with a discretion as to the order of proof and the conduct of the case.   The observance of the rules of orderly procedure in judicial proceedings are essential to the due administration of the law, and their enforcement in the present case was not error.

The remaining specifications relate to the charge of the court.   The contract was severable, under all the authorities on that question.   Although the term of the contract is ten years, the consideration is expressly divided into yearly sums, and made payable semiannually.   That the borough is liable for the actual service rendered in good faith under such a contract would seem to be a deduction from the authorities on that point, and is practically so ruled in U. S. Water Co. v. DuBois, 176 Pa. 439.   In this view of the defendant's liability, the court was right in refusing the defendant's second and third points, contained in the eleventh and twelfth specifications.

All the questions of fact arising in the case, and the equities growing out of them, were submitted to the jury for their determination, in a charge in which the rights of the parties under the law were clearly explained.   Neither party obtained a verdict for its claim, but the verdict was fully warranted by the evidence, and we see no ground for disturbing it.

The specifications of error are all overruled and the judgment is affirmed.