## Ephrata Water Company *v.* Ephrata Borough.

*Boroughs—Signing of ordinances—Chief burgess.*

The chief burgess, and not the presiding officer of council, is the " principal corporate officer " within the meaning of the general borough law of April 3, 1851, P. L. 320.

A borough ordinance passed prior to the Act of May 23, 1893, P. L. 113, in a borough where the burgess was not authorized to act as a member of council, and to preside at its meeting, and had no veto power, signed by the presiding officer of council, regularly transcribed in the ordinance book there signed by the presiding officer, and afterwards duly published, but not signed by the burgess after being transcribed in the ordinance book, is not necessarily invalid ; and the omission of the burgess to sign the ordinance is not a fatal objection to its admissibility in evidence in a suit on an executed contract based upon the ordinance.

In such a case the borough cannot set up the neglect of its own officer of a purely ministerial duty as a defense to an action on a contract, within the scope of the corporate powers duly authorized by the ordinance, carried out in good faith by the other party, of which the borough has received the benefit, and under which nothing remains for it to do, but to pay the stipulated consideration.

*Municipalities—Boroughs—Contract—Implied contract.*

As a general rule where the charter of a municipal corporation or the general law prescribes the mode in which such a corporation may contract, it must be shown that the contract or obligation sought to be enforced was made or incurred in the mode thus prescribed ; but in the absence of such provision, municipal as well as private corporations may in many cases be bound by implied contracts within their corporate powers to be deduced by inference from corporate acts.

Where a water company introduces into the streets of a borough hydrants of a pattern and design selected by the borough council, and locates them at such places as the committee appointed by council directs, and the hydrants and water to supply them are furnished by the water company at the instance and request of the borough council, and the borough has had the benefit of the use of them, and there is nothing to show that either party supposed that they were to be furnished gratuitously, the water company may recover from the borough for the use of the hydrants and water.

Argued Nov. 16, 1900.   Appeal, No. 188, Oct. T., 1900, by plaintiff, from judgment of C. P. Lancaster Co., Sept. T., 1895, No. 4, on verdict for defendant in case of the Ephrata Water Company v. The Borough of Ephrata.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover for the use of hydrants in streets and water supplied to hydrants.    Before LIVINGSTON, P. J.

At the trial it appeared that on June 28, 1892, the Ephrata Water Company submitted to the borough of Ephrata a proposition to furnish thirty fire hydrants to be of such pattern and design as the borough council might select, and to be located at such places as the borough authorities might direct.    The proposition was accepted, and on February 6, 1893, a borough ordinance was passed directing the kind of hydrants to be used, and that the hydrants should be located at such places as the borough authorities should direct.    On the same day an agreement approved by the borough council was entered into between the borough and the water company fixing the terms upon which the hydrants were to be supplied.    In accordance with this agreement and the borough ordinance of February 6, 1893, the hydrants were supplied by the water company and located where the committee of councils directed.    The defense set up by the borough was that the ordinance of February 6, 1893, was invalid because the burgess had not signed it, after it had been transcribed and recorded by the clerk of council in the borough ordinance book and signed by the presiding officer.    The court held that the ordinance was invalid and directed a verdict for defendant.

Verdict and judgment for defendant.

*Error assigned* was in directing a verdict for defendant.

*J. W. Appel,* of *Appel & Appel,* and *D. McMullen,* for appellant.—The signing of the ordinance by J. J. Baer, president pro tem., was sufficient without the signature of the burgess : Act of June 2, 1871, P. L. 283; Zane v. Rosenberry, 153 Pa. 38 ; Act of April 3, 1851, P. L. 320; Act of April 1, 1834, P. L. 163; Act of May 23, 1893, P. L. 113; O'Mally v. McGinn, 53 Wis. 353.

If it should be found, as matter of law, that it was the duty of the burgess to sign the ordinance after it was recorded, although it was signed by Baer who acted as presiding officer for him in his absence, nevertheless it is submitted that his failure to sign it did not render the ordinance invalid.    At that time, before the Act of May 23, 1893, P. L. 113, his duty was purely ministerial.    He was no part of the lawmaking power; and

the provisions of the law in reference to his signing the ordinance after it was recorded are purely directory: 1 Dillon on Municipal Corporations, sec. 331; Martindale v. Palmer, 52 Ind. 411; Blanchard v. Bissell, 11 Ohio St. 103; Elmendorf v. Mayor of New York, 25 Wendell, 693; Striker v. Kelley, 7 Hill, 7; Shea v. City of Muncie, 148 Ind. 33; Com. v. Bullock, 2 Montg. 5; Com. v. Montgomery Co. Pass Ry. Co., 9 Montg. 102; Trickett on Pennsylvania Borough Law, 77; Barton v. Pittsburg, 4 Brewster Rep. 373; Huntingdon Borough v. Foster, 14 Pa. C. C. R. 292; Trustees of Erie Academy v. Erie, 31 Pa. 515; Com. v. George, 148 Pa. 463; Cooley's Constitutional Limitations, * 77; Kepner v. Com., 40 Pa. 124; Waln v. Philadelphia, 99 Pa. 330.

Even if the ordinance should be found to be irregular, the contract is sufficient alone to warrant a recovery in this suit: Heidelberg School Dist. v. Horst, 62 Pa. 301; Rainsburg Borough v. Fyan, 127 Pa. 74; White v. City of Meadville, 177 Pa. 643; Metzger v. Beaver Falls Borough, 178 Pa. 1; Allegheny City v. McClurkan, 14 Pa. 81; Dunlap v. Erie Water Commissioners, 151 Pa. 477; Western Savings Fund Society v. Phila., 31 Pa. 185; Phila. v. Gorgas, 180 Pa. 296; Wilson v. Boro. of Rochester, 180 Pa. 509; Waymart Water Co. v. Boro. of Waymart, 4 Pa. Superior Ct. 211; Commonwealth v. Diamond Nat. Bank, 9 Pa. Superior Ct. 118; Seitzinger v. The Borough of Tamaqua, 187 Pa. 539; McCormick's App., 165 Pa. 386.

The borough cannot take advantage of its own negligence or failure to perform its duty: Inter-state Mut. Fire Insurance Co. v. Brownback, 1 Pa. Superior Ct. 183; McCormick's App., 165 Pa. 386; Ohio & Miss. Railroad Co. v. McCarthy, 96 U. S. 258; McClure v. Com., 80 Pa. 167; 2 Story's Eq. Juris. sec. 1546; Barton v. Pittsburg, 4 Brewster, 373; Tash v. Adams, 64 Mass. 253; Hilliard on Injunctions, sec. 43.

If the court below was of the opinion that there could be no recovery on the contract, it should have submitted the case to the jury on the quantum meruit: Com. v. Buchanan, 6 Kulp, 217; Pittsburg v. Biggart, 85 Pa. 425; California Gas Co. v. San Francisco, 9 Cal. 45; United States Water Co. v. Boro. of Du Bois, 176 Pa. 439; Boro. of Carlisle v. Carlisle Gas & Water Co., 3 Cent. Rep. 586.

*John E. Malone*, for appellee.—There was no ordinance enacted by councils authorizing the borough or any of its officials for it to execute said agreement of February 6, 1893: Seitzinger v. Boro. of Tamaqua, 187 Pa. 539; Straub v. Pittsburg, 138 Pa. 356.

The ordinance of February 6, 1893, is invalid, not having been signed by the burgess after it was transcribed in the ordinance book: Zane v. Rosenberry, 153 Pa. 38; Tunkhannock Borough Extension, 3 Pa. C. C. R. 480.

The ordinance is void in any event because it provides for the levying of a special tax.

OPINION BY RICE, P. J., March 19, 1901:

The first question raised in this case is as to the validity of a borough ordinance passed prior to the Act of May 23, 1893, P. L. 113, signed by the presiding officer of council, regularly transcribed in the ordinance book, there signed by the presiding officer and attested by the secretary, and afterwards duly published, but not signed by the burgess after being transcribed in the ordinance book. It is to be noted that we are speaking of a case arising in a borough where, at the time of the passage of the ordinance, the burgess was not authorized to act as a member of council and to preside at its meetings, and had no veto power.

1. The 5th and 6th sections of the general borough law of April 3, 1851, P. L. 320, relate exclusively to the powers and the duties of the "chief burgess or other principal corporate officer." The same officer is referred to in all these provisions. The officer who has the power, and upon whom is imposed the duty, to preserve order and maintain the peace of the borough, to enforce the ordinances and regulations, to exact a faithful performance of the duties of officers appointed, is the officer whose duty it is "to sign the several by-laws, rules, regulations and ordinances adopted, after they shall have been duly and correctly transcribed by the secretary." There is no more authority for holding that the presiding officer of council is the officer here referred to than there is for holding that the other powers and duties enumerated in these sections may be exercised and performed by him. No other officer being designated as such in the charter of the defendant borough, the chief bur-

gess is the "principal corporate officer" within the true intent and meaning of the act. In case of his absence or inability or of a vacancy in the office, the 7th section declares who shall "exercise the like powers and perform the like duties." He for the time being becomes the principal corporate officer, but under no circumstances are these powers and duties devolved by mere operation of law upon the presiding officer of council. The 8th section, it is true, seems to contemplate a signing of the ordinance by him, but we are not convinced that this was intended as a substitute for the signing by the chief burgess directed in the 6th section.

2. Assuming, then, that it was the duty of the burgess to sign the ordinance, are the ordinance and the contract made pursuant to it void? If it had been necessary to submit the ordinance to the burgess for his approval or disapproval, a different case would be presented. Kepner v. Commonwealth, 40 Pa. 124, Marshall v. Com., 59 Pa. 455, Waln v. Philadelphia, 99 Pa. 330, and Fuller v. Scranton, 2 Cent. Repr. 788, would then apply, because in such a case the legislation is not complete until it has received the approval of the chief executive officer, or what is equivalent thereto. But under the statute in force when this ordinance was adopted, this was not required. The signing by the burgess was not part of the legislative act. He had no authority to prevent the legislation becoming effective by withholding his approval. His duty was to sign, not to approve, and was purely ministerial. "The duty of signing is simply intended to give greater authenticity and certainty to ordinances which may be intended to continue for years, by requiring the attesting signature of the chief officer of the corporation. . . . So that his signature, not being required till after the proceeding is adopted and regularly transcribed by the officer of the council, shows the preliminary duties to have been complied with, and becomes thus added evidence to the public, certifying that the act is duly performed, and has become a law of the corporation : " Judge CONYNGHAM in In re Burgess, etc., of Wilkes-Barre, 8 Luz. Leg. Reg. 113. It is, therefore, not a mere work of supererogation. It is a duty owed to the public. But the question is, not whether a member of the public may refuse obedience to an ordinance lacking this additional authentication, but whether the borough can set

up the neglect of its own officer of this purely ministerial duty as a defense to an action on a contract, within the scope of the corporate powers, duly authorized by the ordinance, carried out in good faith by the other party, of which the borough has received the benefit, and under which nothing remains for it to do but to pay the stipulated consideration.   We are of opinion that in such a case the omission of the burgess to sign the ordinance after it was duly adopted is not a fatal objection to the admissibility of the ordinance in evidence, or to the plaintiff's right of recovery upon the contract.   To sustain this proposition as applied to a contract for the erection of hydrants and supplying water thereto for the purpose of extinguishing fires, it is not necessary to go as far as the case of Seitzinger v. Borough of Tamaqua, 187 Pa. 539, would seem to warrant.

3. According to the uncontradicted evidence these hydrants were of the pattern and design selected by the borough council, and were located at such places as the committee appointed by council directed.   The hydrants and the water to supply them when needed were furnished by the plaintiff at the instance and request of the borough council, and the borough has had the protection from fires they were intended to afford.   The plaintiff was not a mere volunteer.   There is no room for inference that the hydrants and the water to supply them were furnished gratuitously, or that the borough council so supposed. To permit it to escape wholly from liability for the service rendered at its instance before any notice was given to discontinue it would be grossly inequitable and unjust.   It would not be permitted in the case of an individual or a private corporation, and we are not required to hold that an equal obligation to do justice does not rest upon a municipal corporation.   As a general rule, where its charter or the general law prescribes the mode in which a municipal corporation may contract, it must be shown that the contract or obligation sought to be enforced was made or incurred in the mode thus prescribed.   But in the absence of such provision, as is the case here, municipal as well as private corporations may, in many cases, be bound by implied contracts within their corporate powers to be deduced by inference from corporate acts : 1 Dillon's Mun. Corp. (4th ed.) sec. 459; Pittsburg v. Biggart, 85 Pa. 425 ; United States Water Co. v. DuBois, 176 Pa. 439 ; Boro. of Carlisle v. Carlisle Gas &

Water Co., 3 Cent. Repr. 584; Hyndman Water Co. v. Hyndman Boro., 7 Pa. Superior Ct. 191; San Francisco Gas Co. v. San Francisco, 9 Cal. 453. Under the circumstances proved on the trial of this case, there was an implied contract to pay for the service actually rendered, even if it be admitted, which we do not admit, that the written contract was not binding.

4. We have given due consideration to the argument of the appellee's counsel upon the questions of the validity of those sections of the ordinance relative to the levying of a special tax and to the purchase of the plaintiff's works by the borough, but conclude that they do not necessarily arise in this case. Therefore, we express no opinion upon them.

Judgment reversed and a venire facias de novo awarded.