## Ephrata Water Company, Appellant, *v.* Ephrata Borough.

*Contract—Water company—Borough—Rescission.*

Where a water company has entered into a contract with a borough to supply the latter with water, the contract cannot be deemed to have been rescinded by the company from the bare fact that it offered to enter into a new contract upon the same terms as the old except as to the price, which offer was not accepted.

In an action by a water company against a borough to recover the con-

tract price for water furnished for a fire plug service during a particular period, evidence as to the condition of the company's reservoir and the sufficiency of its water supply at any time subsequent to such period, is immaterial.

*Water companies—Borough—Evidence—Expert.*

In an action between a water company and a borough where a question is raised as to the sufficiency of the supply of water an expert witness may be permitted to testify as to what was a sufficient supply per day for a town containing the population of defendant, if objection is not made at the time that only a portion of the population used the water.

Argued Nov. 10, 1903.    Appeal, No. 12, Oct. T., 1903, by plaintiff, from judgment of C. P. Lancaster Co., Sept. T., 1895, No. 4, on verdict for defendant in case of Ephrata Water Company v. Ephrata Borough.    Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Assumpsit for water rent.    Before LANDIS, J.

At the trial defendant offered in evidence the minutes of the Ephrata borough council, dated March 5, 1894, including the proposition of the Cocalico Water Company.

Objected to by the plaintiff for the reason that neither proposition having been accepted by the borough, neither of them is, therefore, evidence; and for the additional reason that the ordinance upon which the agreement was based was vetoed by the burgess and councils failed to pass it over the veto.

The Court: We will admit it and give you the benefit of an exception.    Plaintiff excepts.    Bill of exceptions signed and sealed. [1]

Defendant now offer in evidence the minutes of the Ephrata borough council, dated March 5, 1894, including the proposition of the Cocalico Water Company; to be followed by proof that the Ephrata Water Company subsequently had knowledge of this proposition, and in consequence thereof made a counter proposition, marked " C. I. L., No. 3." This for the purpose of showing, first, what proposition of the Cocalico Water Company was before the borough council and was referred to in the amended proposition of the Ephrata Water Company, and, secondly, for the purpose of showing that at the time the Ephrata Water Company had knowledge, and by its amended proposition acknowledged the unfulfillment of its original contract.

Objected to by plaintiff for the reason that neither proposition having been accepted by the borough, neither of them is, therefore, evidence; and the ordinance upon which the agreement was based having been vetoed by the burgess and having failed to be passed over his veto, both the ordinance and the proposition became null and void and have no effect, and is not competent for the purposes named in defendant's offer. .

Admitted. Plaintiff excepts. Bill of exceptions signed and sealed. [2]

Defendant offers in evidence the minutes of April 2, 1894, page 306, of the minute book "J. B. L.," showing the agreement and the amended agreement of the Ephrata Water Company.

Objected to by plaintiff for the reason that neither proposition having been accepted by the borough, neither of them is, therefore, evidence, and the ordinance upon which the agreement was based having been vetoed by the burgess and having failed to be passed over his veto, both the ordinance and the proposition became null and void and have no effect, and is not competent for the purposes named in the defendants' offer. Admitted. Plaintiff excepts. Bill of exceptions signed and sealed. [3]

Defendant now also offers the paper itself, "C. I. L., No. 3," (p. 51), the execution of which by the water company and the submission of which to councils are admitted by the gentlemen on the other side. It is objected to by plaintiff as evidence in this case.

The Court: It is admitted for the same purpose on the question of rescission. Our view of the opinion of the Superior Court being they meant it is evidence for that purpose. Plaintiff excepts. Bill of exceptions signed and sealed. [4]

W. H. Dechant, witness on the stand, the defendant made the following offer:

Q. Now what is an abundant and sufficient supply of water to a municipality containing 2,500 population?

Objected to by plaintiff.

Q. What is an abundant and sufficient supply per day?

Objected to by plaintiff.

Q. For a town of 2,500 people or any town per capita?

The Court: Let him answer it.

Plaintiff excepts.  Bill of exceptions signed and sealed.  [17]

The court charged in part as follows :

[If then you believe, . . . . then the plaintiff did not forfeit its right under the contract by the failure to commence the reservoir or complete the same within the time contemplated by the parties if it did the work within a reasonable time thereafter, and there was no rescission of the contract by the parties to the agreement.]  [5]

[It is said by the Superior Court that possibly this is evidence on the question whether there was a mutual rescission, but that standing alone it would not establish that fact.  We have, therefore, admitted it in this view, and for no other purposes.]  [6]

[If, then, you conclude that the contract was substantially performed by the plaintiff within a reasonable time after the time of limitation, and that during the period for which rental is claimed in this case, the water company had placed itself in a position to furnish to the borough and its citizens what was required of it by the contract, and stood ready to do so, and there was no mutual rescission of the contract, then you may find in favor of the plaintiff.]  [7]

[If, on the other hand, you ascertain that the contract was not fulfilled according to its terms, but that the plaintiff waited an unreasonable time before fulfilling it, or at the expiration of a year there was a mutual rescission of it by the parties, and because of this a new proposition was made, or that the plaintiff did not have its reservoir during the period for which this rental is charged as full as the circumstances of the case would permit, but neglected and refused to do its duty under the same and did not perform its contract, then your verdict may be in favor of the defendant.]  [8]

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1–4, 17) rulings on evidence, quoting the bill of exceptions ;  (5–8) above instructions, quoting them.

*J. W. Appel*, of *Appel & Appel* and *D. McMullen*, for appellant.

*John E. Malone* and *W. U. Hensel*, for appellee.

OPINION BY BEAVER, J., March 14, 1904:

This case has been twice previously considered by this court, 16 Pa. Superior Ct. 484, and 20 Pa. Superior Ct. 149. When it was last here complaint was made of the attitude assumed by the court below towards a proposition made by the plaintiff to the defendant for a lowering of the rates provided for in its original contract. As was said by the court below in that trial: ."This proposition was embodied into an ordinance and was passed by the borough council. It failed, however, to be carried out, by reason of the veto of the burgess and the inability of councils to pass the same over that veto. It was then that the water company fell back. on the old agreement, and is now here attempting to recover the original price . . ... We think that, they having treated that agreement, as dead, they cannot in this way instill it with life."

This court said, in reference to that position : " Where a party to a contract or transaction induces another to act upon the reasonable belief that he will waive certain rights or terms, he will be estopped to insist upon such rights or terms to the injury of the one misled by his conduct; but it does not appear in this case that the defendant was misled into any action in consequence of the proposition submitted by the plaintiff. There is only the bare fact of an offer to enter into a new contract upon the same terms as the old, except as to the price, which was not accepted. The motive of the plaintiff may have been to avoid the litigation that would probably ensue if the offer of the rival company was accepted. This supposition is quite as probable as any that can be made. At any rate, its offer did not create an estoppel nor operate as a rescission of the original contract or as an abandonment of all claims thereunder. The utmost that can be claimed for it is that it was in effect an offer to rescind the old contract and relinquish all rights under it, if the borough would enter into the proposed new contract. Possibly it would have been evidence upon the question whether there was a mutual rescission but, standing alone, it would not establish that fact."

The court below, in attempting to give effect to the language of President Judge RICE in the quotation which has just been made, not only received in evidence the offer made by the plaintiff company to reduce its rates, notwithstanding

the fact that it contained no offer to follow with other evidence what was said by us to be not sufficient standing alone to establish the fact of rescission; but, although quoting our language, left the question of mutual rescission to the jury in various ways. The case had been tried before. The counsel for the defendant was familiar with the evidence regarding rescission and his offer in relation thereto should have embraced the whole case. Under these circumstances, we do not think the offers which were objected to and the admission of which constitutes the first, second, third and fourth specifications of error should have been admitted; but, having been admitted, when the evidence was all in, the jury should have been told that it was insufficient to establish a rescission of the contract. We, therefore, sustain the first, second, third and fourth specifications which, although objected to as not being within our rules, were subsequently amended so as to obviate the objection, and also the fifth, sixth, seventh and eighth assignments relating to the parts of the charge which practically leave the question of the rescission of the contract an open one for the consideration of the jury.

We can see no error in the rejection of the evidence as to the condition of the reservoir and the sufficiency of the water supply at any time subsequent to the period during which the contract price for the fire plug service is sought to be recovered in this case.

As to the admission of the testimony of the witness Dechant, complained of in the seventeenth assignment of error, the ground of objection is not stated. If it had been distinctly stated that only a portion of the population used the water of the plaintiff and that the testimony of the witness must be confined to the population thus supplied, we think that objection would have been good; but, as we understand the assignment, such an objection was not made and we cannot say that, in its absence, there was error in admitting the testimony.

If the plaintiff desired more specific instruction as to the right of the plaintiff to recover for the period when the reservoir was full or for the water which was used by the borough, it should have been asked for at the time and the attention of the court should also have been called to any omission of which the plaintiff now complains.

Without considering the assignments of error more in detail or going more fully into the case, inasmuch as it has been very thoroughly discussed heretofore, we think the court should have said to the jury, as was plainly stated in our opinion when the case was last here, that the evidence in regard to rescission was not sufficient to establish the fact and that that portion of the case was, for that reason, withdrawn from their consideration. The judgment is, therefore, reversed and a new venire awarded.