## FABRIC FIRE HOSE CO. v. CITY OF TEAGUE.

(Court of Civil Appeals of Texas. Austin. Dec. 4, 1912.)

1. MUNICIPAL CORPORATIONS (§ 868*)—PURCHASE OF SUPPLIES—CONTRACT.

Const. art. 11, § 5, provides that no debt shall be created by any city unless at the time provision is made to assess annually a sufficient sum to pay the interest thereon and to create a sinking fund of at least 2 per cent. *Held* that, where a contract for fire apparatus was made without complying with such provision, it was void, and the seller was entitled to recover the apparatus so sold from the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1842; Dec. Dig. § 868.*]

2. MUNICIPAL CORPORATIONS (§ 878*)—PURCHASE OF FIRE APPARATUS—INVALID CONTRACT — LIABILITY FOR RENT — "ORDINARY DEBT."

Where a city purchased fire apparatus without complying with Const. art. 11, § 5, requiring provision for assessment and collection of a sinking fund so that the provision was invalid, the city's use of the property so purchased raised an implied promise to pay the reasonable rental value thereof and rendered the city liable for rent, which, being an ordinary debt, payable out of current revenues, was not within such constitutional provision.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1857–1861; Dec. Dig. § 878.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by the Fabric Fire Hose Company against the City of Teague. From a judgment for plaintiff for less than the relief demanded, it appeals. Reformed and affirmed.

W. R. Boyd, of Teague, for appellant.

RICE, J. This action was brought by appellant against appellee, the city of Teague, for the recovery of title and possession of a certain fire apparatus as well as for rent therefor, alleging that on the 19th day of January, 1909, it had sold said city said fire apparatus for the sum of $2,435, $635 of which was paid in cash, it being agreed that the remainder thereof should become due and payable in three installments of $600, to become due November 17, 1910, 1911, and 1912, respectively, bearing interest at 5 per cent. from date of sale, it being understood at said time that said city through its board of aldermen would pass the proper order, resolution, or ordinance authorizing said purchase, and providing for its payment, as required by law, which, however, was never done; that thereafter said city, acting through its mayor and board of aldermen, is-

sued to plaintiff its warrant for the sum of $630, being intended as payment of said first installment of $600, with accrued interest, which warrant was drawn against the general fund of said city, and was thereafter duly registered by the secretary of said city on the 15th of January, 1910; that no part of said $1,800 has been paid, and said city has repudiated the entire claim of plaintiff, and refused and still refuses to pay any part thereof, except the cash payment aforesaid, and refused to surrender possession of ˙said fire apparatus to appellant; that by reason of the fact that it ˙had failed to make the necessary provision for the payment of said indebtedness, and to levy and collect a tax therefor, as provided by law, said sale and delivery of said fire apparatus became void, and the title to said property remained in appellant; that appellee has held possession of said fire apparatus since January 19, 1909, during which time it has used said property for the protection of said city and citizens against loss by fire, whereby it became liable to pay plaintiff the sum of $40 per month as reasonable rental therefor, aggregating the sum of $1,240, praying for judgment for said amount, less $635, the cash payment, which it asks should be regarded as a credit thereon.

Appellee, after general demurrer, special ˙exceptions, and a general denial, pleaded specially that the city of Teague was duly incorporated under the general laws of Texas, tit. 18, c. 11, and is a city of less than 10,000 inhabitants, and, as such, had the power to levy and collect a tax not exceeding one-fourth of 1 per cent. on the assessed value of all real and personal property in said city not exempt from taxation, for the purpose of paying current expenses of said city; and, in pursuance of such power, acting through its city council, it did on the 9th of January, 1908, pass an ordinance levying a tax of 25 cents on the $100 valuation of property in said city, to be appropriated to the payment of the current expenses thereof, and such tax was set aside and credited to what is known as the general fund of said city; that the total revenue derived from such tax and levy was in the aggregate sum of $1,173.33, and the current expenses for said year exceeded said amount by $5.28; and that said city had no other fund, income, or revenue from any other source than as above mentioned. Appellee further alleged: That the debt due to plaintiff, as described in its petition, is not a debt for the current expenses of said city, and, no provision having been made for its payment at the time it was contracted or incurred, said contract was in violation of article 488 of the Revised Statutes and is contrary to and in violation of article 11, §§ 5 and 7, of the state Constitution, and therefore void. That the alleged contract was not entered into by resolution or ordinance at the regular term or meeting of the city council, as required by law, and is there-

fore void. That, under a misapprehension of its legal duty, said city council on the 25th of March, 1909, without legal authority, paid to appellant the sum of $635, as part payment for said fire apparatus, and that appellant has unlawfully converted the same to its own use and benefit, and refuses to return same or any part thereof to said city. That said city council by resolution on the 13th of January, 1910, instructed its mayor and city secretary to issue to plaintiff a warrant for $630, payable to plaintiff, which was so issued and made payable out of the general fund of said city, which was duly registered by the city treasurer on the 15th of January, 1910, which said warrant is now in possession of appellant, holding the same as an indebtedness against the city, praying for judgment over against appellant for the sum of $635, with interest from March 25, 1909, and for cancellation of said warrant for $630, etc.

The evidence showed that appellant, on the 19th of January, 1909, sold and delivered to appellee the fire apparatus in question at the price alleged, and that the city is now in possession thereof, and has had the possession and use of the same for 31 months prior to the trial of this case; that no part of the purchase money for said property had been paid by appellee, except the sum of $635, as above stated, and appellant held the $630 warrant above referred to, which was still unpaid; that the reasonable rental value for the use of said apparatus for 31 months was $635.

The case was tried before the court without a jury, and judgment rendered in favor of appellant for the title and possession of said apparatus and all costs of suit, but in favor of the city of Teague against appellant for the sum of $635, with interest at 6 per cent. per annum from the 25th day of March, 1909, also canceling the warrant for $630 above described, and denying appellant judgment for rent, from which judgment this appeal is prosecuted.

[1] It is urged by appellant that the court erred in refusing to render judgment in its favor against the city for the sum of $635 as rents for the use of said property during the time it used the same, and this is the only contention presented. By article 11, § 5, of the state Constitution, it is provided that no debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and to create a sinking fund of at least two per cent. thereon. See, also, article 488, R. S. 1895. It is conceded that this was not done, and the suit to recover possession of the fire apparatus was based on the theory that the purchase thereof, without complying with the constitutional provision, rendered the same null and void, and the court, in recognition of this contention, rendered judgment in favor of appellant therefor, which was cor-

rect. See Mineralized Rubber Co. v. City of Cleburne, 22 Tex. Civ. App. 621, 56 S. W. 220; McNeal v. City of Waco, 89 Tex. 83, 33 S. W. 322; Noel v. City of San Antonio, 11 Tex. Civ. App. 580, 33 S. W. 263; City of Terrell v. Dessaint, 71 Tex. 770, 9 S. W. 593.

[2] But appellant urges that the court erred in not rendering a judgment in its favor for the rents of $635 which it claimed to be entitled to. There is no question but what the city had the use and benefit of this property for a period of 31 months, and the court so finds. It has been expressly held, in Mineralized Rubber Co. v. City of Cleburne, supra, under circumstances similar to those in this case, that a city is liable for rent of property used by it. The use of this property by appellant would raise an implied promise to pay therefor the reasonable rental value thereof, which was found to be the sum of $635. Now if this was a matter of ordinary expenditure, for which the city had the right to pay out of its current funds, then there is no reason why, under the pleadings and evidence, the city was not liable for such rent. This was not a debt in contemplation of law such as came within the constitutional provision above quoted, requiring that the city should, at the time of its creation, provide for the payment of interest and create a sinking fund for its payment, but was, in our judgment, a mere ordinary debt that could have been paid out of the current revenues of said city. See McNeal v. City of Waco, supra. And it does not appear but what the current revenue for the years during which the city had possession and use of said property was sufficient to have paid same.

We therefore hold that the court erred in not rendering judgment in favor of appellant for such rent, and in rendering judgment against it for said sum of $635, which had been previously paid by the city to appellant. But since appellant has received the sum of $635 as cash payment, it will be useless to render judgment in its favor for said amount; for which reason we therefore reform said judgment to the extent that there shall be no recovery against appellant for the sum of $635, the cash payment above referred to, but in all other respects the judgment is affirmed.

Reformed and affirmed.