### MINERALIZED RUBBER COMPANY V. CITY OF CLEBURNE.

#### Decided February 3, 1900.

**1.  Municipal Corporation—Contract Incurring Debt Ultra Vires.**

A contract made by a city for the purchase of fire hose for $750, payable in three years, without any provision being made for the levy of a tax to pay the debt, and with the constitutional limit as to taxation then already reached, is ultra vires and void.  Const., art. 11.

**2.  Same—Seller's Right to Reclaim Property.**

Where a contract by a city for the purchase of certain fire hose was void because ultra vires, the seller was entitled to recover the property by sequestration, and it was not necessary that there should have been any fraud or misrepresentation on the part of the city.

**3.  Same—Option Reserved—Other Funds.**

The fact that the city reserved an option to pay the debt within twelve months, and the fact that it had on hand money belonging to a different fund sufficient to pay the debt, did not prevent the contract from being invalid.

**4.  Same—Seller May Recover Rents.**

Where a contract under which rubber hose was sold and delivered to a city is void because the city did not comply with the constitutional requirements in creating the debt, the seller, seeking by sequestration to recover the property, may also recover compensation for its use while in the city's possession.

APPEAL from the County Court of Johnson.   Tried below before Hon. W. D. McKAY.

*English & Ewing* and *Goldsmith & Walker,* for appellant.

*R. S. Phillips,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—Appellant instituted this action to recover of appellee the possession of 1000 feet of rubber fire hose valued at $750, and for rent for the use of same for six months at $30 per month.   The hose was sequestered and replevied by appellee.   The case was tried by the court without a jury and judgment rendered for appellee.

The evidence shows that the city council of Cleburne, a city duly incorporated, made a contract with an agent of appellant to purchase from appellant 1000 feet of rubber fire hose for the sum of $750, payable in three years.   The city reserved the right, however, to pay said amount before the expiration of twelve months without interest, or "at any time before maturity, with interest to date of said payment."   Said amount was to bear 6 per cent interest per annum from date.   Appellant drew three drafts on the city for $250 each, payable on or before three years

from date, etc., as agreed upon, which drafts were accepted by the mayor of said city. The hose was to be delivered in Cleburne, the freight to be paid by appellant. In pursuance of the contract the hose was shipped, and was received by the city, which paid the freight, $21. The city made no provision by the levy of a tax or otherwise for the payment of said debt, nor was it contemplated at the time to be satisfied out of the current revenues of that year, or out of any fund within the immediate control of the city. This matter was not mentioned or referred to at the time of entering into the contract. Some three weeks thereafter this was called to the attention of the city authorities by appellant, and request made that provision for the payment of the debt be made, but this was refused because the city had exhausted its power to further tax, the constitutional limit to tax having at that time been reached.

It is insisted by appellant that as no provision was made by the city to meet this debt at its maturity, the contract was void, and it had the right to repossess itself of the property for that reason. We are of the opinion that this contention is correct. The contract under consideration comes directly within article 11 of our Constitution, which prohibits the creation of a debt, "unless provision is made at the time of creating the same for levying and collecting a sufficient tax to pay interest thereon and provide at least two per cent as a sinking fund." Our Supreme Court has uniformly held the creating of such a debt by a city, without at the same time making provisions for its payment, is void, and there- fore not binding upon the city. McNeill v. City of Waco, 33 S. W. Rep., 322; Noel v. City of San Antonio, 11 Texas Civ. App., 580; City of Terrell v. Dessaint, 71 Texas, 770.

The contract being void and not binding upon the city, it follows that it is of no force as to appellant.

It is insisted, however, by appellee, that as there was no fraud or misrepresentation on the part of the city authorities, appellant is in no attitude to seek the relief sought. While the city's agents said nothing in regard to making provisions for the payment of the debt, the matter not being thought of at the time, yet it was evidently contemplated by the appellant, when it agreed to part with its property for the city's obligation to pay, that the city would execute such an obligation as would be legal and binding. The city not having done this, it is in no attitude to resist appellant's claim for return of the property. Andrews v. Curtis, 2 Texas Civ. App., 678; Clark v. School Directors, 78 Ill., 474.

It is further insisted by appellee that as the city had the privilege of paying off the debt within twelve months, and had on hand at the time of the trial $1000 out of which it could have been paid, it was not such a debt as is prohibited by the Constitution. The city did not bind itself to pay within twelve months, but bound itself to pay at the expiration of three years. Having the privilege of paying within twelve months does not, in our opinion, relieve it from the provisions of the Constitution. The fund that the city had on hand at the time of the trial does not affect the question. This belonged to the street and bridge improvement

funds, and if the authority existed to divert this fund to the payment of appellant's debt, there is nothing to show that this sum had been set apart for the purpose of paying said debt, or that such was in contemplation when the contract was made.

We think appellant entitled to compensation for the use of the hose while in appellee's possession. Appellee was entitled to be reimbursed for the amount of freight it had paid on the hose, and it was incumbent on appellant to offer, by plea, to return said amount, subject to such set-off as might be allowed for the use of the hose.

For the reasons stated, the judgment is reversed and cause remanded.

*Reversed and remanded.*