HARLESS v. HAILE et al. (No. 718.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 30, 1915. Rehearing Denied March 13, 1915.)

1. ACCOUNT ⬥16—COMMISSIONS ON SALES OF STOCK—ACCOUNTING—PARTIES.

In an action for an accounting for commissions earned by agents acting in a sort of partnership to sell stock, plaintiff having been first associated with one defendant and then having left the country, when the second defendant became associated with the first, the first defendant could properly bring in as defendant the second party whom he had associated with himself and have the rights of all determined in one suit, since if plaintiff was entitled to recover under his agreement with the first defendant he would be entitled to a judgment against both, while if one of the defendants had collected more than his share of the earnings a cross-petition by the other would be proper, for where the interest of a person is necessarily affected by a suit he is a necessary party, while where the interest is joint all parties in interest, who may in any way be affected by the decree or judgment, should be made parties.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 74–76; Dec. Dig. ⬥16.]

2. PARTIES ⬥26 — PLEADING — PETITION — MULTIFARIOUSNESS.

Where plaintiff joined as defendants in a suit for an accounting a fellow agent who had been interested with him in commissions on the sale of stock and a second agent whom the first had brought into the transaction after the plaintiff had left the country, plaintiff's petition was not multifarious, since where a petition confines itself to the adjustment of all the equities arising between the parties connected with, or growing out of, the same cause of action, however various their origin, the court can properly dispose of all such matters in one suit; multifariousness being an objection that is entitled to no liberal construction favoring it.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 32–34; Dec. Dig. ⬥26.]

3. ACTION ⬥50—PLEADING—CROSS-BILL—MISJOINDER OF CAUSES OF ACTION.

In an action for an accounting by plaintiff against defendants, with one of whom he had been interested in a transaction for the sale of stock under an agreement to share commissions, where one defendant filed a cross-petition against the other, although his cause of action was based upon a contract separate from the one declared upon by the plaintiff in the original petition, there was no misjoinder of causes of action, since in a suit in equity if some of the causes of action be in one party and some in another each may present his claims by appropriate pleadings.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. ⬥50.]

4. PLEADING ⬥403 — PETITION—DEFECT—CURE BY ANSWER.

In an action for an accounting under an agreement to share commissions on the sale of stock, where the petition alleged that certain sales were made by the joint efforts of the parties, and that certain commissions thereby earned belonging to the petitioner had been appropriated by the defendant, although there was no allegation in the petition that the parties had worked together under an agreement to divide commissions, nevertheless, where the answer set out a specific agreement that the parties were to work together and divide commissions equally, and alleged that their rights rested on this agreement, the omission of the material allegation to that effect in the petition was cured by its allegation in the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. ⬥403.]

5. ACCOUNT ⬥17—ACTION FOR ACCOUNTING—PLEADING—CROSS-PETITION.

In an action for an accounting under an agreement to share commissions on the sale of stock where the petition seeking recovery of commissions alleged to have been appropriated wrongfully by defendant alleged that certain sums of money were earned by the joint efforts of petitioner and defendant, to which they were equally entitled, and that defendant had collected and appropriated all of the money so earned, such petition showed a right of action.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 77–82, 84–88; Dec. Dig. ⬥17.]

6. BROKERS ⬥66—COMMISSIONS—DIVISION—SALE OF STOCK.

In an action for an accounting under an agreement to share commissions on the sale of stock, where petitioner had notified defendant of a prospective purchaser, the two agreeing to both attempt to persuade him to buy, although the defendant alone had made the sale, the petitioner nevertheless had a right of action for his share of the commissions on such sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 51; Dec. Dig. ⬥66.]

7. BROKERS ⬥66—SALE OF STOCK—AGENTS—DIVISION OF COMMISSIONS—LIABILITY TO ACCOUNT.

Where a petition for an accounting was filed charging collection and appropriation to his own use by defendant of commissions on the sale of stock earned jointly by both, and it ap-

peared that defendant, after a certain sale, had paid over to the company employing both the money received for such sale, the company paying him his half, and retaining the other, since the company had retained the sum due petitioner, defendant, who had directed that it be credited to the petitioner's account, was not chargeable with it.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 51; Dec. Dig. &#9901;66.]

Appeal from District Court, Dickens County; Jo. A. P. Dickson, Judge.

Suit by L. G. Wilhite against C. C. Haile and C. L. Harless. Judgment for Wilhite and Haile, and Harless appeals. Reformed and affirmed.

Perkins & Perkins, of Snyder, for appellant. Higgins & Hamilton, of Snyder, Wilson & Wilson, of Sweetwater, and B. D. Glasgow, of Spur, for appellees.

HUFF, C. J. L. G. Wilhite instituted suit against C. C. Haile and C. L. Harless alleging that during the year 1912 plaintiff and the defendants were acting as agents for the Guaranty Investment Company in the sale of stock in the Great Western Loan & Trust Company, and for their services and as compensation therefor were to receive 15 per cent. of the amount of the capital stock of the trust company sold. He alleges that he and Haile entered into an agreement that they would both endeavor to sell said capital stock, and that upon the sale by either of them to purchasers whom they might find for the stock they were to divide equally the 15 per cent. Under the agreement plaintiff negotiated a sale of the stock to Mrs. Goss, C. D. Bird, P. Chandler, and a Mr. Smith, and while the matter of sale was pending, but before completed, plaintiff left the country, and the matter of closing the sales with the defendant C. C. Haile, it being agreed in consideration of the services rendered by plaintiff in the negotiations with the parties above named, and other prospective sales then pending, that plaintiff was to receive one-half of the commission in case of the consummation of the sale to either party. He alleged thereafter Haile, under the agreement, sold to Mrs. Goss $3,000 of the stock and the commission therefor was $225; that defendant Harless and Haile sold to Bird $4,000, to Chandler $5,000 of the stock, upon which there was a commission of $1,350; and that afterwards Harless, acting surreptitiously, and without his or Haile's knowledge, sold $4,000 to Smith, on which there was a commission of $600 due under the agreement. That he and Haile were acting in partnership as brokers and were the procuring cause of the sale in each and every instance of all the stock above alleged and as heretofore set out. That Harless was employed by said Haile only for the purpose of consummating sales, and that Harless is entitled to such remuneration as Haile agreed

to pay him for his services, chargeable as an expense to said partnership business. It is alleged that Harless took no part in the sale to Mrs. Goss, but that he collected $112 thereof, which should have been paid to the plaintiff, and that both Harless and Haile are severally and jointly holding the commissions on the sale to Bird and Chandler, and are liable to plaintiff for his part. That he is entitled to recover against both defendants, as the facts may show, one-half of the $225 on the sale to Mrs. Goss, and one-half of the full amount earned on the sales to Bird and Chandler, less the amount agreed to be paid Harless by Haile, which plaintiff is informed is one-half of the commission earned. That he is entitled to recover from Harless one-half of the commission on the sale to Smith less the charges and expenses incurred for the service in making the same. He asked for judgment for his commission jointly and severally against the defendants and that defendants be required to make an accounting of the sale to the parties named.

The plaintiff in this case also garnished the Guaranty Investment Company and Harless, requiring them to answer what, if anything, they were indebted to Haile. The defendant Haile alleged that he and the plaintiff entered into an agreement that they both would endeavor to sell said capital stock to any and all buyers whom they or either of them might find for the stock, and that upon all sales of stock made by either or both of them while working together the 15 per cent. commission should be divided equally between them. He denied that plaintiff was the procuring cause of the sale to Mrs. Goss and others, and alleged that his efforts wholly failed to make such sales. That he did assist in selling $1,000 of the stock to Bird, the commission on which was $150; $75 thereof was paid to plaintiff and the other to Haile, and no other sale was made to Bird, either by the individual efforts of plaintiff or by the joint efforts of plaintiff and Haile. That plaintiff made an effort to sell to Chandler, but wholly failed and none was sold to Chandler while they were acting together. It is admitted by Haile that he and plaintiff sold $1,000 of the stock to Smith, but failed at that time to sell him more. That the plaintiff left while the above negotiations were pending, and that he collected all the commission on sales made by him and Haile, and put forth no further efforts towards closing up any contract for the sale of stock to the said parties. That plaintiff did no other acts for the joint benefit of plaintiff and Haile, but sold stock at other points and refused to divide commissions, etc. That Haile diligently attempted to close up the sale of the stock to the parties named, but was unable to do so, and plaintiff having left the territory, it became necessary to procure other assistance and the agreement

---

between him and plaintiff came to an end. That they had failed to sell to the parties except $1,000 each to Bird and Smith, and Haile reported the condition to their employer, the guaranty company, and requested the president of the company to come or send some one to induce Chandler, Smith, and Bird to buy other stock. In response thereto the company sent Harless, with whom and by their joint efforts, they made sale to Bird of $4,000 in addition to the $1,000 theretofore sold, and plaintiff is not entitled to one-half of the $600 commission on that sale. That Harless, the codefendant, collected all of the $600 commission on the sale to Bird, which included the $300 due Haile, and appropriated it to his (Harless) own use. That Harless and Haile, by their joint efforts, sold to Chandler $2,000 of the stock, and that there was due them $300 commission, which Harless collected and appropriated to his own use, one-half of which ($150) was Haile's. That Haile and Harless induced Bird and Chandler to go to Sweetwater, where they could see and negotiate with the higher officials of the guaranty company, and that they paid the expenses of these parties on the trip, and while there Harless, through the joint efforts of Haile and Harless, sold Chandler $3,000 of the stock. Their commission on the sale was $450, and that Harless appropriated the same, $225 of which belonged to Haile. That they sold to Smith, $4,000, upon which there was $600 commission, all of which Harless appropriated. That Haile made a sale of $2,000 to Mrs. Goss, for which he was entitled to a commission of $450. Plaintiff claimed one-half and Harless one-half thereof, and to satisfy each he paid their employer company one-half and it paid to each plaintiff and Harless one-half thereof in full settlement of their respective claims, and that Haile retained the other one-half, and now retains $225 of the $450 in his own right. That neither plaintiff nor Harless earned any part of it. He prayed that plaintiff and Harless be required to pay in court each $112 that they received on the Goss sale in order that it may be paid to the proper party.

There is a general allegation in his crosspetition that Haile and Harless worked together under an agreement to divide the commission. Haile prays for judgment that plaintiff take nothing and for actual and exemplary damages against plaintiff for wrongfully suing out the writs of garnishment; that in case Harless should be entitled to $112.50 paid the Guaranty Company that he have judgment against plaintiff for that sum; that he have a judgment against Harless for $1,087, with interest.

The defendant Harless answered by general and special exceptions, specially excepting to the action against him by the plaintiff and defendant Haile because there was a misjoinder of causes of action and because the same was multifarious. He denied each and all the allegations of both plaintiff and Haile, and, quoting from appellant's brief, alleged:

"That on or about January 2, 1913, as agent for the Guaranty Investment Company, he went to Dickens county, Tex., and that immediately after his arrival he and defendant Haile entered into a contract whereby they were to divide commissions equally on all stock each or both sold while they were both working together, and that during the existence of said contract, the defendant Harless sold $4,000 worth of stock to said Bird and $2,000 worth to P. Chandler, and the defendant Haile sold $3,000 worth to Mrs. Goss. That the defendant Harless only collected his half of the commission out of the Bird sale, and the defendant Haile refused to give the defendant Harless but $112.50 out of the Goss sale, even though the defendant Harless was entitled to $225, and that when Haile refused to give him but $112.50 he retained $112.50 out of commissions derived from the $2,000 stock sold to P. Chandler. That defendant Harless collected $300 as commission out of the said Chandler sale, out of which $150 was due Haile had he divided the commissions derived from the Goss sale equally, but, having failed to do so, defendant Harless retained $112.50 out of the $150 due Haile, leaving $37.50 due defendant Haile by defendant Harless, which defendant Harless tendered defendant Haile, and which defendant Haile refused to accept. That the aforesaid contract between the defendants Haile and Harless came to an end and thereafter defendant Harless, acting for himself, sold to P. Chandler $3,000 worth of additional stock; and thereafter defendant Harless and one C. F. Mathews, acting for themselves, sold $4,000 worth of stock to J. H. Smith, the commission derived from which sale was divided equally between the defendant Harless and said Mathews. That the defendant Harless never agreed to divide commissions derived from the last Chandler sale and the Smith sale with either the plaintiff or the defendant Haile. Defendant Harless prayed that neither the plaintiff nor defendant Haile recover from him any sum whatsoever in this cause and for all costs of suit.

"The case was submitted to the jury on special issues and thereafter a judgment was rendered upon the findings of the jury: (1) That plaintiff recover from the defendant Haile $122.06 with 6 per cent. interest from date of judgment; (2) that defendant Haile recover from plaintiff $68.03, and that said $68.03 be credited on plaintiff's judgment against defendant Haile; (3) that defendant Haile recover from defendant Harless $1,143.43, and all costs of suit; and (4) that plaintiff recover nothing from defendant Harless."

[1] The plaintiff Wilhite does not appeal. Harless appeals from the judgment rendered against him; and as appellant, under his first assignment of error, asserts that the court should have sustained his second special exception, which is to the effect that the suit should be abated as to Haile's action against him, for that it is multifarious and an improper joinder of causes of action. That Wilhite seeks to recover against both defendants upon a contract alleged to have been made between the plaintiff and Haile, and Haile seeks to recover from Harless on a separate and distinct contract between Haile and Harless.

The pleadings of the parties, taken together, show a controversy over the commissions earned upon certain sales to named parties. The plaintiff sought to show one-

half of these commissions were his by virtue of an agreement entitling him thereto. He alleges that Harless was, by Haile, brought in to assist in the sales and that the amounts paid him were to be charged as expenses to the partnership, and that the amount Haile agreed to pay him should be so charged. Both defendants in substance denied any such agreement, and both set up in effect that Wilhite was not entitled to participate in certain commissions earned and, if not in terms, in effect, set up an agreement by virtue of which Haile and Harless should share equally in the commissions so earned. It was, we think, proper for plaintiff to bring in both defendants and have the rights of each determined in the suit. If he was entitled to recover under his alleged agreement, then he would, if the facts warranted it, be entitled to a joint and several judgment against them, as the case might be, and if one of the defendants collected more than his share of the earnings he should be made to respond to the other and a cross-petition to that effect would be proper. Where the interest of a person is necessarily affected by a suit, he is a necessary party, whether he is benefited or not. Where the interest is joint all the parties in interest to be in any way affected by the decree or judgment sought to be obtained should be made parties. Cook v. Pollard, 70 Tex. 723, 8 S. W. 512; Pendleton v. Ferguson, 99 Tex. 296, 89 S. W. 758.

[2] The subject-matter of the suit was the commissions earned; each party claimed an interest therein. True each set up a right thereto arising out of an alleged different agreement and state of facts. We cannot see very well how their respective rights could be finally settled or adjudicated without all being parties. We think under the state of facts alleged, had Haile instituted suit against Harless, Wilhite would have been a proper, if not a necessary, party. We see no serious objection in the defendant's alleging a different agreement and facts from that alleged by the plaintiff in order to defeat his action and at the same time ask the court to adjust their rights, while the plaintiff is a party to the suit with reference to the subject-matter over which the suit is prosecuted. Multifariousness is an objection that can seldom be sustained, and is entitled to no liberal construction in its favor. If a petition confines itself to the adjustment of all the equities arising between the parties, however various in their origin, there is no sound principle governing the exercise of chancery jurisdiction that would restrain the court from disposing of all such matters, without driving the parties to another and distinct suit. Mateer v. Cockrill, 18 Tex. Civ. App. 391, 45 S. W. 751. Each case of multifariousness must be governed by its own circumstances and in a great measure left to the sound discretion of the court. Love v. Keowne, 58 Tex. 191, 198. Where the mat-

ters relied on are connected with or grow out of the same cause of action, or transaction and subject-matter in dispute, or the fund, an exception on the ground of multifariousness should not be sustained. Craddock v. Goodwin, 54 Tex. 578, 582. Particularly should this be the rule where the parties and evidence would be the same. In this case plaintiff was required to prove the commissions collected by the defendants. This same evidence would have shown who collected it. The defendants sought to defeat plaintiff's cause by showing that it was they who made the sale under an agreement, between themselves, after plaintiff abandoned the negotiations; hence the same testimony in defeating plaintiff's cause would establish the rights between the defendants. We see no abuse of discretion on the part of the trial court, but think the issues between the several parties is over the same fund and that substantially the same evidence would sustain the one or defeat the other. Townes on Pleading, 430, et seq.; Dollar v. Lockney Supply Co., 164 S. W. 1076.

[3] The second assignment of error is to the action of the court in overruling the sixth special exception to Haile's cross-petition because his cause of action against Harless is based upon a contract entered into between them, which is a separate contract to the one declared upon by plaintiff in the original petition. From what has been said above it will be seen there was no misjoinder in the proper sense of the word. "If some of the causes of action be in one party and some in the other, each may, by appropriate pleadings, present his rights. The court will consider them all and will render judgment in favor of him who is entitled to the balance upon a comparison of claims." Townes on Pleading, p. 219. The soundness of appellant's proposition rests upon the question whether there was in the cross-bill a misjoinder as to parties and causes of action. As above seen, there was no misjoinder. Insurance Co. v. Beneke, 53 S. W. 98; Ney v. Ladd, 68 S. W. 1014; Finegan v. Read, 8 Tex. Civ. App. 33, 27 S. W. 261; Cardwell v. Masterson, 27 Tex. Civ. App. 591, 66 S. W. 1121. The first and second assignments are overruled.

[4] By the third assignment, complaint is urged by appellant to the action of the court in overruling his general exception to Haile's cross-petition. The ground upon which the petition is said to be defective is that it does not allege the terms of the contract and that it does not allege the rights and duties arising thereunder. In passing upon a general exception, every reasonable intendment arising upon the pleading is indulged in favor of its sufficiency. Gorham v. Dallas, etc., 41 Tex. Civ. App. 615, 95 S. W. page 557. In this case the allegations show that the sales were made by the joint efforts of Haile and Harless, and that by such efforts the commissions were earned, and that certain amounts

thereof belong to Haile; that Harless retained and appropriated to his own use and benefit Haile's part. While there is no allegation or statement in the plea to the effect that while they were working together under an agreement to divide commissions as aforesaid, we think, construing the entire pleading, it is sufficient to show that the money was earned by the efforts of appellee, and that he was entitled to one-half of such earnings, and that appellants converted Haile's part. The appellant himself set out a specific agreement that he and Haile were to work together and were to divide equally the commissions, and alleges the rights of the parties rested upon this agreement. The omission of the fact in pleading is cured by its allegation in the adversary pleading. McFarland v. Mooring, 56 Tex. 118; Grimes v. Hagood, 19 Tex. 246. If the facts did not warrant a recovery on Haile's allegation and if his rights in reality rested upon an agreement the allegation was supplied by Harless' answer.

[5] Assignments 4 to 9 inclusive are overruled. These assignments relate to what appellant terms special exceptions to certain paragraphs of the cross-petition. The exceptions are to the effect that the several paragraphs are vague, uncertain, and do not allege by what right Haile seeks a recovery against appellant. It, we think, is sufficient that it is alleged that certain sums of money were earned by the joint efforts of Haile and Harless, that they were equally interested and entitled to those sums and that Harless had collected and appropriated all of the money so earned. If half of the money was appellee's and appellant retained it, we think he shows the right when he shows the fact and that he appropriated that belonging to Haile, a cross-action is shown against Harless. Haile having shown that he earned by his labor the commission, we think, shows the right.

[6] The tenth assignment complains at the action of the trial court in refusing to instruct the jury that they should not allow Haile anything on the commissions earned in the sale of stock to Smith by Harless, on the ground that there was no testimony authorizing a recovery therefor. The appellant set up the contract entered into between himself and Haile, to the effect that, in consideration of the profits to be made by each therefrom and the mutual assistance to be rendered each other in selling stock in co-operation with each other, all commissions earned by either were to be divided equally. Haile testified during the time they were working together he notified Harless of the fact that Smith was a prospective purchaser, but owing, then, to the want of time, they then agreed after a certain stockholders' meeting they would see Smith, and Harless agreed to come by after Haile for that purpose. After the meeting, Harless, instead of going by after Haile, went to Smith with another man and sold the stock. We think under the agreement and the facts the court properly refused the charge. The rule where two or more brokers are employed to make a sale the first making the sale is entitled to the commission does not apply in this instance. The question is: Did he make the sale while his agreement was in force with Haile? The jury found that he did, and the facts tend to support their finding.

[7] The eleventh and twelfth assignments are that the trial court should have given appellant's peremptory charge to find in favor of appellant for the item of $300, being one-half of the commission earned on the sale of $4,000 of the stock to Bird, and that the verdict and judgment for that sum is erroneous. It appears from the evidence the stock for $4,000 was sold to Bird. The Guaranty Investment Company was selling stock of the Great Western Loan & Trust Company and the guaranty company paid agents 15 per cent. and retained 10 per cent. for promotion, so that 25 per cent. was retained by the guaranty company from the sale of stock to pay these expenses. In the Bird case the agents took a note for $1,000 to pay the expenses above named. This note was turned over to the guaranty company. The agents Haile and Harless were entitled to 60 per cent. of this note and the guaranty company 40 per cent. The uncontroverted facts in this case show that the guaranty company discounted this $1,000 note, Harless agreeing to share his part of the discount. The guaranty company discounted the note with the bank and paid Harless $300, being one-half of the commission owing on the sale of the stock less his part of the discount out of the proceeds. Harless instructed the guaranty company to put the balance of the commission to the credit of Haile, and he testified, without contradiction, that he did not know what became of this sum afterwards. Haile testified that he did not know and had never received it. The records do not show whether the guaranty company still has the money or who has it. Haile alleged that Harless appropriated it to his own use and the jury, upon special issues, so found. Under the undisputed facts, we do not think the evidence shows that Harless got the money. He is not charged by appellees with negligently losing it or with placing it with the guaranty company, or the like, or that he is liable otherwise than by appropriating it to his own use and benefit. We do not think the evidence shows that Harless collected the commission belonging to Haile on the Bird sale, but that it is conclusive the guaranty company, to whom the note had been turned over for collection, still retains the sum due Haile thereon, and we do not think that Harless should be charged with that sum. The thirteenth assignment will be overruled for the reasons heretofore given.

We think the judgment should be reformed and, as reformed, affirmed. The judgment will be here rendered for the amount recov-

ered in the court below, less the sum of $300, with interest thereon at the rate of 6 per cent. from the 1st day of January, 1914, and up to the date of the judgment in the court below. The total amount of the credit, including principal and interest, made by us, is $307.-50. The judgment of the lower court will be reformed and affirmed with the costs of this appeal taxed against the appellee, Haile.

Reformed and affirmed.