**B. L. NELSON & ASSOCIATES, INC., Appellant,**

v.

**The CITY OF ARGYLE, Texas, Appellee.**

**No. 17707.**

Court of Civil Appeals of Texas, Fort Worth.

March 26, 1976.

Rehearing Denied April 30, 1976.

Greenberg & Bach and Robert M. Greenberg, Dallas, for appellant.

Shirley W. Peters, Denton, for appellee.

SPURLOCK, Justice.

This is an appeal from a summary judgment granted defendant, The City of Argyle, Texas, in a suit brought by B. L. Nelson & Associates, Inc., plaintiff, on an express contract for engineering services rendered.

The grounds for the granting of the summary judgment is the cause of action is barred by the statute of limitations and the contract made the basis of this suit is void for the reason the City had no power to make the contract because of the effect of Article 11, Sections 5 and 7, of the Texas Constitution. Together these sections provide that no debt shall ever be created by any city or county unless at the same time provision be made to assess and collect annually a sufficient sum to pay interest thereon and the creation of a sinking fund of at least 2% thereon.

We affirm.

This suit was brought by B. L. Nelson & Associates, Inc. to recover sums alleged to be due it under the terms of a written contract entered into between the plaintiff and defendant on May 5, 1970. This contract was an agreement for engineering services to be performed by the plaintiff for the construction of a sanitary sewer collection and treatment facility. The five page contract summarized very generally details the services to be rendered by the engineer from the preparation of the preliminary plans to the advertising for bids, the acceptance of bids, the supervision of the construction work, and the final acceptance of the project upon its final completion at some indefinite time in the future.

Section 3 of the contract provides for the payment of the engineering work at stated periods of time depending upon the nature of the work. The progress payments were to be made once each month. The basic services were to be paid in various propor-

tionate amounts of the estimated construction cost, ranging from 0.9% to 8.9%. There are other provisions providing for the payment on an hourly basis for various classifications of services from surveying crews to the project engineer. Schedules per hour were listed in the contract.

The summary judgment proof offered by plaintiff indicates plaintiff is seeking a recovery of 1.3% of $415,156.00, which amounts to the sum of $5,397.03, plus $450.00 for attending three hearings. The $5,397.03 item is based upon a charge for the completion of Section 3.b.(1) of the contract which provides that the engineer will be paid for its preliminary report 1.3% of the preliminary cost estimate.

The City's summary judgment proof consists of an affidavit signed by the City Secretary of the City of Argyle in which it is shown that the City had no funds on hand, nor under its control, to pay the consideration expressed in the contract; and the City had not levied a tax in an amount sufficient to pay the consideration at the time the contract was executed or at the time the affidavit was made in July of 1975.

The summary judgment proof also contains a statement that the statute of limitations has barred this cause of action.

It is, therefore, the contention of the City that the contract is void because of the provisions of the Texas Constitution, Article 11, Sections 5 and 7, which is noted above.

Plaintiff assigns two points of error to the effect that the court erred in holding that defendant was entitled to judgment as a matter of law and erred in sustaining defendant's motion for summary judgment because there were material fact issues.

In *Hudson v. Buddie's Super Markets, Inc.*, 488 S.W.2d 143 (Tex.Civ.App., Fort Worth, 1972, no writ hist.) this Court stated:

". . . where the point of error is itself a general one, it is only those particular grounds of error that are pointed out in the statement, argument and authorities under such point that are presented to the appellate court for review under that general point of error. (Citing authorities.) It is the particular error that must be pointed out rather than the error in general. . .

"Those particular points of error that could have been pointed out and argued in the statement, argument and authorities under an appellant's general point of error that are not in fact there pointed out and briefed are waived."

Plaintiff in its statement, argument and authorities contends that the trial court erred in granting the summary judgment because it misapplied the law. Plaintiff acknowledges in its brief that "Numerous cases have held that agreements creating debt which does not comply with the constitutional provisions above cited are void for the City in question had no power to make the contract. *City of Big Spring v. Ward* [140 Tex. 609], 169 S.W.2d 151 (Tex.Com. App., 1943, opinion adopted)." In that case the City entered into a contract with engineers for them to perform practically the same services as in the case before us except the contract there involved was concerning the drilling of water wells and the construction of storage reservoirs in order to provide a water supply for the City. The engineer had done substantially all the work when the City terminated his services and employed other engineers. That court stated that the contract is void because of the effect of Article 11, Sections 5 and 7, of the Texas Constitution.

Plaintiff contends that the law therein stated, as applied to the facts in that case, is a correct statement of the law but does not control the disposition of the case before us because the contract here in question is not executory but rather has been performed. Plaintiff contends that since this portion of the contract has been performed plaintiff is entitled to recover for his services regardless of whether or not the contract itself is ultra vires. Plaintiff relies upon the authority of the *City of San Antonio v. French*, 80 Tex. 575, 16 S.W. 440 (1891). In that case the owner of a premises sued the city for rent for one year under the terms of a lease. The court held that

the city council had not authorized the making of the lease and denied a recovery thereon but did allow a recovery on an implied contract covering the period of time the City actually used the premises. That case is clearly distinguishable from the case before us because the constitutional question before us was not there involved. Plaintiff also relies upon the authority of *Sluder v. City of San Antonio*, 2 S.W.2d 841 (Tex.Com.App., 1928, opinion adopted). In that case the City sought to avoid the payment for legal services rendered because the agreement to secure such services were made in violation of the city charter. This case is distinguishable for that reason.

█ It is our opinion that at the time suit was filed the contract was not an executed contract. In general an executed contract exists where nothing remains to be done by either party. An executory contract, in general, is one that is still unperformed by both parties or one with respect to which something still remains to be done on both sides. See 13 Tex.Jur.2d, "Contracts", Section 8, p. 121, "Executed and executory contracts", (1960 Rev.).

In *Noel v. City of San Antonio*, 11 Tex. Civ.App. 580, 33 S.W. 263 (1895, writ ref.) that court had before it a suit in which plaintiff sought recovery of the contract price for the construction of two furnaces to be used by the City for the destruction of city garbage. The City defended on the grounds that Article 11, Sections 5 and 7, rendered the contract void. Plaintiff then ". . . urged that the contract is an executed one, the furnaces having been built according to the terms of the contract, and equity and good conscience require that the city pay for them, although the contract was made in violation of the constitution." In holding that the plaintiff was not entitled to recover under any theory of law that court stated: "The language of the above constitutional provisions (Art. 11, Secs. 5 and 7) is too plain to require explanation or construction, and too positive to admit of evasion. . . . We do not believe that the breach of such a contract can form the basis for any right of action. . . . The

nonenforcement of the contract may be a hardship upon the appellant, but it is one that he brought upon himself. He voluntarily entered into a contract which he knew, or at least is charged with knowing, was unconstitutional and void, and has not placed himself in a position to obtain redress at the hands of the courts."

In *Toole v. First Nat. Bank*, 168 S.W. 423 (Tex.Civ.App., Galveston, 1914, writ ref.) the court had before it a suit to recover $2,000.00, the face amount of a warrant issued by Sabine County in favor of D. A. Smith. This suit grew out of a contract between the County and Smith in which Smith contracted to drill an artesian well on the public square. The total consideration was $7,500.00. The County was to pay Smith, "When the derrick and machinery shall be put on the ground, $2,000; when the well shall be drilled at a depth of 500 feet, $1,000; when the well shall be drilled 1,000 feet, $2,000; and the balance to be paid when the well shall have been completed." This suit was brought on a warrant issued for the completion of the first phase of this project.

That court stated: "A contract for permanent improvements, of the character provided for in this contract, executed when there are no existing or prospective funds derived from the general current revenues of the county available to meet the obligation imposed on the county by such contract is the creation of a debt within the meaning of the Constitution, and, when no provision is made for the payment of the debt, the contract is void. Constitution of Texas, §§ 5 and 7, art. 11; *McNeal v. Waco*, 89 Tex. 83, 33 S.W. 322; *Terrell v. Dessaint*, 71 Tex. [770], 771, 9 S.W. 593; *Pendleton v. Ferguson*, 99 Tex. 296, 89 S.W. 758; *Howard v. Smith*, 91 Tex. [8], 15, 38 S.W. 15; *Tyler v. Jester*, 97 Tex. 344, 78 S.W. 1058; *Biddle v. City of Terrell*, 82 Tex. [335], 336, 18 S.W. 691; *Edwards County v. Jennings*, 89 Tex. [618], 619, 35 S.W. 1053; *Ault v. Hill County*, 102 Tex. [335], 336, 116 S.W. 359; *City of Tyler v. Building & Loan Co.* (Tex.Civ.App.) 82 S.W. 1066; Peck-Smead *Co. v. City of Sherman*, 26 Tex.Civ.App.

[208], 210, 63 S.W. 340; *Mineralized Rubber Co. v. City of Cleburne*, 22 Tex.Civ.App. 621, 56 S.W. 220; *Corpus Christi v. Woessner*, 58 Tex. 462."

In the case of *Stevenson v. Blake*, 131 Tex. 103, 113 S.W.2d 525 (Tex.Com.App., 1938, opinion adopted) the court had before it a contract employing attorneys to sue officials for money allegedly due the County, and obligating the County to pay one-fourth of a recovery plus $3,000.00, $1,000.00 to be paid immediately, $1,000.00 in February, 1936, and $1,000.00 on termination of litigation. This contract was held void because it is in violation of the Constitution, Art. 11, Sec. 7.

In the case of *Mineralized Rubber Co. v. City of Cleburne*, 22 Tex.Civ.App. 621, 56 S.W. 220 (1900, no writ hist.) the City of Cleburne made a contract with appellant to purchase from it 1,000 feet of rubber fire hose for the sum of $750.00, payable in three years. In that case appellant had filed suit to recover its hose and for the rent of same for six months. This was a fully executed contract. The court held that appellant was entitled to recover title and possession of its hose and the reasonable rental value thereof, but could not recover the contract price. The court then stated: "The contract under consideration comes directly within article 11 of our constitution, which prohibits the creation of a debt 'unless provision is made at the time of creating the same for levying and collecting a sufficient tax to pay interest thereon and provide at least two per cent as a sinking fund.' Our supreme court has uniformly held that the creating of such a debt by a city, without at the same time making provision for its payment, is void, and therefore not binding upon the city. *McNeill v. City of Waco*, 89 Tex. 83, 33 S.W. 322; *Noel v. City of San Antonio*, 11 Tex. Civ.App. 580, 33 S.W. 263; *City of Terrell v. Dessaint*, 71 Tex. 770, 9 S.W. 593. The contract being void and not binding upon the city, it follows that it is of no force as to appellant."

Plaintiff contends that it would be unjust for the City to receive the benefits of the contract and not pay for those benefits. This is an argument that plaintiff is entitled to recover on the theory of quantum meruit or implied contract.

Plaintiff sued upon an express contract. He did not allege quantum meruit as an alternative ground of recovery. He elected to proceed to final judgment on the express contract and raised this point for the first time on appeal.

A party may seek relief in the alternative and may state as many separate claims as he has regardless of inconsistency. Rules 47, 48, T.R.C.P.

The prosecution of a suit to judgment is undoubtedly an election to pursue the remedy sought in that suit. *Cantu v. Bage*, 467 S.W.2d 680 (Tex.Civ.App., Beaumont, 1971, no writ hist.). See also 21 Tex.Jur.2d, "Election of Remedies", p. 208, Sec. 10, "When and How Election Made—What constitutes election".

In the *City of Mission v. Eureka Fire Hose Mfg. Co.*, 67 S.W.2d 455 (Tex.Civ.App., San Antonio, 1933, writ dism.) plaintiff recovered a judgment on an express contract for the purchase price of fire hose it had sold to the city. The court held that the contract was void because it was not made in conformity with the Constitution, but allowed a recovery on an implied contract. On motion for rehearing judgment for plaintiff was reversed and judgment rendered for the City. The court there stated: "The petition having declared upon an express contract, appellee could not recover upon an implied contract, because the proof necessary to establish the latter is altogether different from that required to establish the former."

It is our opinion, in the case before us, that since plaintiff brought his cause of action under an express contract, one in which it did not plead or urge any relief by way of quantum meruit and permitted a final judgment to be rendered, it elected its remedy and cannot now for the first time on appeal claim error of the trial court in granting the summary jugment because plaintiff could have, if he had so desired,

brought his cause of action on the theory of quantum meruit.

By its last contention plaintiff asserts it was error for the trial court to grant the summary judgment on the theory that the statute of limitations had barred the cause of action because such plea of limitations had not been plead.

In order for a party to avail himself of the statute of limitations it must be affirmatively plead. Rule 94, T.R.C.P. Defendant did not affirmatively plead the statute of limitations and therefore such defense is not available to the City. *Maher v. Gonzalez*, 380 S.W.2d 764 (Tex.Civ.App., San Antonio, 1964, no writ hist.).

This point is sustained but does not require a reversal of the case because the contract is unenforceable.

Judgment affirmed.