## McFarland v. Mooring.

(Case No. 930.)

1. CERTAINTY.— The same particularity in pleading is not required in a motion to quash a writ of possession, and the return of the sheriff thereon, made in the case in which relief is sought and in regard to a matter of record therein, as would be in ordinary cases.
2. WANT OF CERTAINTY IN MOTION, CURED HOW.'— The want of certainty in a motion to quash a writ of possession, and the return of the officer thereon, in not sufficiently describing the judgment on which the writ issued, and the manner in which the writ was executed, is cured by the answer of the officer, if it fully describes the judgment, and the manner in which the writ was executed.
3. SUPERSEDEAS.— The filing of a petition in error by an executrix, and its service on the officer, having a writ of possession issued under the judgment against her operates as a supersedeas, and the subsequent execution by that officer of the writ of possession is an abuse of the process of the court, which, as between the parties, may be corrected by motion, if the same be filed in a reasonable time.

APPEAL from Grimes.

*Randolph & McKinney* and *McDonald*, for appellant.

BONNER, ASSOCIATE JUSTICE.— In this case the appellee Sallie Mooring, as administratrix, filed a motion to quash the writ of possession and return of sheriff thereon, in a case in which appellant McFarland had obtained judgment against her and others for the title and possession of the land from which she had been dispossessed by virtue of said writ. At the date of the execution of the writ she had filed with the district clerk a petition in error to have revised in the supreme court the original judgment which had been rendered against her as administratrix, and citation thereon had been duly served on McFarland. On the trial of the motion the writ and return were quashed, from which McFarland appeals. It is objected that the motion was not sufficiently certain.

Although very general indeed, yet only a general demurrer was interposed. Besides, the same particularity

in pleading is not required in a motion like this, made in the very case in which relief is sought, and in regard to a subject matter therein of record, as would be in ordinary cases.

But the want of certainty was cured by the answer of the sheriff, who was made a party defendant to the motion. The original writ itself and return were made parts of the answer, and fully described the judgment upon which the writ issued, and the manner in which the latter was executed. It is further contended that the motion was made too late, the writ having become *functus officio.*

The filing the petition in error, and its service on McFarland, was all that was required of Mrs. Mooring as administratrix to operate as a supersedeas; and the subsequent execution by the same officer of the writ of possession was an abuse of the process of the court continuing in its nature, which, as between the immediate parties, it was not too late to correct by motion, the same having been filed within a reasonable time after the writ had been executed and returned.

AFFIRMED.

[Opinion delivered January 17, 1882.]

