## TESCH v. SCHLOTTMANN.
### No. 10158.

Court of Civil Appeals of Texas. Galveston.
May 25, 1934.

Searcy & Hodde and W. J. Embrey, all of Brenham, for appellant.

Pennington & Bouldin and Albert Stone, all of Brenham, for appellee.

PLEASANTS, Chief Justice.

This appeal is from an order of the court below restraining the sale by the sheriff of Washington county under an order of sale theretofore issued by the court in the case of Mrs. Malinda Wiese, executrix, v. F. W. Quebe, Henry Schlottmann, administrator, et al., of the land described in the order of sale.

The suit in which the judgment was rendered upon which the order of sale was issued was brought by Mrs. Malinda Wiese, individually and as independent executrix of the estate of Willie Wiese, her deceased husband, against F. W. Quebe, Henry Schlottmann, as administrator of the estate of Mrs. Louise Loesch, deceased, Bertha Quebe, Edwin Loesch, and F. W. Quebe.

The following full statement of the nature and result of that suit, and of the facts upon which the court below granted the application for injunction which is the subject-matter of this appeal, is copied from appellee's brief:

"She alleged in her petition that F. W. Quebe had executed several notes to her husband, Willie Wiese, and in order to secure their payment had executed a deed of trust lien on some of his lands in Washington County, Texas, and prayed for judgment against F. W. Quebe for the amount of the notes, principal, interest and attorneys fees, together with a foreclosure of her deed of trust lien on the lands described in the deed of trust. She further set out in her petition that the other defendants in that suit, Henry

Schlottmann, Administrator of the Estate of Mrs. Louise Loesch, deceased, Bertha Quebe and Edwin Loesch were attempting to set up some sort of title or claim to the lands on which she had a deed of trust and claimed that by reason thereof it created a cloud on the title and asked that such cloud be removed. To that petition of Mrs. Malinda Wiese, the defendants Henry Schlottmann, as Administrator, Bertha Quebe and Edwin Loesch answered that they also held notes executed by F. W. Quebe and which notes were also secured by a deed of trust lien on the same lands against which Mrs. Malinda Wiese held her deed of trust lien, and that the notes of Mrs. Malinda Wiese and that of Henry Schlottmann, Administrator, Bertha Quebe and Edwin Loesch had in truth and in fact been executed by F. W. Quebe at the same time and with the knowledge of all parties to the suit and that all notes were on a parity and that Mrs. Malinda Wiese had no prior, superior and first lien on the property.

"Before the trial commenced, W. L. Tesch intervened in that suit and set up the facts that he held notes executed by F. W. Quebe and that such notes were also secured by a deed of trust lien on the same lands against which the plaintiff and defendants held their deed of trust lien, but that his deed of trust was in truth and in fact a first, prior and superior lien to the liens of the plaintiff and defendants in that suit, since the amount evidenced by his notes was due on the land when F. W. Quebe purchased the lands and that in truth and in fact F. W. Quebe assumed his obligation when he, the said F. W. Quebe, purchased the lands.

"During the progress of the trial all of the parties agreed that the lien of W. L. Tesch was the first, prior and superior lien to any and all of the liens of either the plaintiff or defendants in this suit and it was agreed that he should have judgment in his favor upon the amount of his note sued on, together with a foreclosure of his lien as a first, prior and superior lien, but such agreement was subject to the claim of Henry Schlottmann as Administrator, Bertha Quebe and Edwin Loesch with reference to their liens being on a parity with the lien of Mrs. Malinda Wiese as the plaintiff in the suit.

"The lien of W. L. Tesch was then proven up by his attorneys and the case proceeded to trial before a jury on the question of priority of the liens of Mrs. Malinda Wiese as plaintiff, and Henry Schlottmann, Administrator, Mrs. Bertha Quebe and Edwin Loesch as defendants.

"Judgment was entered upon the findings of the jury decreeing that W. L. Tesch had a first and superior lien and decreeing him a foreclosure of his deed of trust lien on the lands covered by the deed of trust as a first, prior and superior lien, and awarded to Mrs. Malinda Wiese a second lien for the amount due on her notes, together with a foreclosure of her lien and as an inferior and subordinate lien to the lien of W. L. Tesch, but as a first, prior and superior lien to the liens of the defendants, Henry Schlottmann, Administrator, Mrs. Bertha Quebe and Edwin Loesch.

"The court further entered a decree in favor of Henry Schlottmann as Administrator, Mrs. Bertha Quebe and Edwin Loesch for the amounts due them on their respective notes, together with foreclosures of their deeds of trust liens on the same land and decreeing the liens of these three defendants to be on a parity but to be inferior and subordinate to the lien of W. L. Tesch, the Intervenor, and Mrs. Malinda Wiese, the plaintiff, and ordered the lands to be sold and the proceeds to be applied to the liens due the respective holders in accordance with the decree. In due time the defendants presented their motion for a new trial which was by the court overruled, to which action of the court in overruling the same the defendants, Henry Schlottmann as Administrator, Mrs. Bertha Quebe and Edwin Loesch excepted and gave notice of appeal to the Court of Civil Appeals at Galveston, Texas. No supersedeas bond was filed in the case, but an appeal bond payable to W. L. Tesch and Mrs. Malinda Wiese, as plaintiffs in the case, was filed and approved by the clerk. Notice of appeal was not confined to Mrs. Malinda Wiese but was a general appeal as to all of the parties and the appeal bond specifically enumerates W. L. Tesch as one of the parties in whose favor the appeal bond was executed. The transcript for this appeal was in proper time taken and the same is now pending in the Honorable Court of Civil Appeals at Galveston, Texas. * * *

"Thereafter on the judgment as rendered in that case W. L. Tesch the original intervenor in the suit, and Mrs. Malinda Wiese, Individually and as Executrix of the Estate of Willie Wiese, deceased, caused the clerk of the district court of Washington County, Texas, to issue an order of sale directing the sale of the land involved in the suit. This order of sale was issued on January 5, 1934, and the sheriff of Washington County, H. L. Reese, by virtue of the same, levied on the property and advertised the same to be

sold on the first Tuesday in March, A. D. 1934.

"On March 6, 1934, before any sale was had by the sheriff, H. L. Reese, upon such order of sale, the said Henry Schlottmann as Administrator filed a petition for injunction to restrain the sale. The court after a hearing, granted the injunction."

This suit for injunction was brought by Henry Schlottmann, administrator of the estate of Mrs. Louise Loesch, deceased, one of the defendants in the original suit in which the several judgments of foreclosure were rendered, against the appellant, W. L. Tesch, the intervener in the original suit, and Mrs. Malinda Wiese, plaintiff in that suit. Upon this application the trial court granted an injunction restraining the sale of the land as advertised under the order of sale theretofore issued, and further ordered, adjudged, and decreed:

"That H. L. Reese, as Sheriff of Washington County, Texas, is further enjoined from and is directed and ordered not to offer for sale in the future, or attempt to sell in the future, as against the said Henry Schlottmann, Administrator of the Estate of Mrs. Louise Loesch, deceased, any of the said above mentioned and described property, as is set out in the applicant's petition, pending the final determination of said cause in the Court of Civil Appeals at Galveston, Texas;

"It is further ordered, adjudged and decreed by the court, that W. L. Tesch, Intervenor, and Mrs. Malinda Wiese, Individually and as Executrix under the will of Willie Wiese, deceased, be and they are hereby enjoined from having any further orders of sales issued in said cause, or attempting to sell or have sold, the land mentioned above and as referred to in applicant's petition, as against Henry Schlottmann, Administrator of the Estate of Mrs. Louise Loesch, deceased, pending the final determination of this cause on appeal in the Court of Civil Appeals at Galveston, Texas."

The appellant, Tesch, and Mrs. Wiese each gave notice of appeal from this judgment, but Mrs. Wiese has failed to prosecute her appeal.

It is clear that she was properly enjoined from having the land sold, under the order of sale, to satisfy her judgment in the original suit, pending the final determination of the appeal by the defendant Schlottmann from that judgment.

Article 2276, Revised Statutes (1925), provides, in substance, that no executor, guardian, or administrator appointed by a court of this state shall be required to give bond on any appeal taken by such representative in his fiduciary capacity. Notice of appeal by the administrator, Schlottmann, from this judgment having been given as required by the statute, and duly prosecuted by filing the record in this court within the prescribed time, the estate of his decedent held by him in his official capacity is entitled to have that appeal determined before the judgment against him as administrator can be enforced. McFarland v. Mooring, 56 Tex. 118; Reef v. Hamblen (Tex. Civ. App.) 47 S.W. (2d) 375; 3 Texas Jur. 270.

But we cannot agree with appellees' contention that any appeal was taken by them and is now pending from the judgment in the original suit in favor of the intervener, Tesch, for the amount of the indebtedness for which he obtained judgment, with foreclosure of his superior lien on the land and an order of sale for its enforcement. The amount adjudged in favor of appellant was found by the court upon undisputed evidence, and the superiority of his lien was agreed to by the plaintiff and all the defendants in the suit. No issue as to Tesch's claim was made on the trial, and no complaint was presented in the motion for new trial filed by the appellees of the findings and judgment of the trial court in his favor.

Upon this state of the record the appeal taken by appellees which complains only of the judgment in favor of the plaintiffs in the suit cannot be given the effect of an appeal from the judgment in favor of the intervener, Tesch, merely because the notice of appeal from the judgment was not expressly restricted to that portion of the judgment decreeing plaintiffs' lien superior to that of defendants, and because appellant, Tesch, was named as one of the beneficiaries in the wholly unnecessary cost bond, so far as the administrator was concerned, filed by the appellants in the original suit. Neither of these facts can change the obvious purpose and effect of the appeal as it affects the right of Tesch to proceed to the enforcement of his judgment.

The trial court as the great reservoir of equity power in our judicial system was compelled to exercise that power to protect appellees in this injunction proceeding in their right to reap the full benefits they may obtain from their appeal from the original judgment, but, in our opinion, was not authorized to go further in accomplishing this result than to restrain the plaintiff Mrs. Wiese from having the land sold under her judgment, and having the proceeds of such

sale, after satisfying the judgment in favor of the intervener, Tesch, first applied to the payment of the judgment in favor of the plaintiff in the suit.

We think the injunction granted should be so modified, and for the full protection of appellees should further direct the officer making any sale of the land under an order of sale issued on appellant's judgment to pay into the registry of the court any excess from the proceeds of the sale over and above the amount required to satisfy appellant's judgment in the original suit, to be there held to await the final determination of the question of its distribution between the plaintiff and defendants in the suit.

It follows from these conclusions that the judgment should be reversed and the cause remanded, with instructions to the trial court that, if upon further hearing of the cause, the pleadings and the evidence are the same, he should render the judgment above indicated.

Reversed and remanded, with instructions.